LUCERO, Circuit Judge,
concurring.
I respectfully concur in the panel opinion but write separately to comment on one aspect of this case. The cluster of facts that Trooper Avery described at the time of the unchallenged stop — an out-of-state car painted a color different than that noted on its registration, with dark tinted windows in violation of the registrant state’s statutes, and whose nervous driver could not come up with his friend’s, the owner’s, last name — may have created reasonable suspicion warranting continued detention. Under our holding in Soto, 988 F.2d at 1556, further questioning and, depending on the nature of appellant’s responses, a search of the vehicle based on suspicion of drug trafficking may have been a permissible course of action.
In expressly denying suspicion of drug activity as a motive and premising his entry into the passenger compartment on a search for a VIN on the doorjamb, when in fact he had already verified that the dashboard VIN matched the car’s registration, Trooper Avery himself negated the foregoing potential reasonable suspicion as a permissible basis for the vehicle search and ran afoul of established Supreme Court jurisprudence. See Appellant’s App. at 90, 111 (“I then asked him if I could check the *1249 VIN number on the door to see if it would coincide with the registration.... At that point I hadn’t determined whether the VIN number was the same on the registration as the vehicle itself.”). As the panel opinion correctly decides, the Supreme Court’s decision in Class, 475 U.S. at 119, 106 S.Ct. 960, and our holding in Miller, 84 F.3d at 1251, dictate the result reached today.